### GEORGE WEILAND v. GEORGE KRAUSE.

Submitted December 7, 1898—Decided February 27, 1899.

On *certiorari* of an order for discovery in aid of execution, made by a Court of Common Pleas, upon a supposed judgment in a Court for the Trial of Small Causes docketed under the act of April 4th, 1892 (*Gen. Stat.,* *p.* 1898), it is competent to inquire into the existence of the original judgment, which is essential to sustain the order.

---

On *certiorari* to Middlesex Pleas.

Before Justices LUDLOW and COLLINS.

For the plaintiff in *certiorari,* *George Berdine.*

For the defendant in *certiorari,* *Freeman Woodbridge.*

The opinion of the court was delivered by

COLLINS, J.   The real object of attack under this *certiorari* is an order for discovery in aid of execution, made by the Court of Common Pleas of the county of Middlesex upon an alleged judgment of a Court for the Trial of Small Causes

docketed in the Common Pleas, and subsequent orders and proceedings. The ground of attack is the non-existence of any such judgment. The writ calls for the docket itself and it has been certified, but I doubt our power to deal with it directly because of the prohibition of section 12 of the *Certiorari* act. *Gen. Stat.*, *p.* 369. That statute enacts that " no writ of *certiorari* shall be allowed or issued on any judgment, order or proceeding that shall have been entered or obtained in any court of record of this state, or that shall hereafter be entered or obtained unless the same be issued in eighteen months after the entering or obtaining the same." The docketing was certainly a proceeding entered in a court of record, and the prohibition of the statute seems to be imperative. *Chamberlin* v. *Barclay*, 1 *Gr.* 244. In the case in hand the docketing preceded more than eighteen months the allowance of the writ. It is not necessary, however, for the protection of the plaintiff in *certiorari* that the docketing should be annulled, for if his contention of the non-existence of the judgment be well founded the docketing is void. It was the purely ministerial act of the clerk and can be attacked collaterally. *Tasto* v. *Klopping*, 14 *Vroom* 448. It was necessary to return it as the foundation for the order for discovery; the direct command of the writ to do so may be treated as surplusage. To support his contention the plaintiff in *certiorari*, under a rule to take affidavits, has proved that the justice who certified the judgment has been dead more than a year, and that no such judgment as that certified appears on either of his dockets filed with the county clerk. We think that this proof avoids the docketing in the Common Pleas. Under the original Justices' Court act (*Gen. Stat.*, *p.* 1879, § 72) a different situation would have been presented, for that statute provides for the filing and recording of a transcript from the justice's docket, which doubtless would afford *prima facie* evidence of the judgment; but the docketing now in question was under the act of April 4th, 1892 (*Gen. Stat.*, *p.* 1898), which provides simply for the filing of a statement by the justice of the names of the justice and parties, date and

amount of judgment and date of issue and return of execution. Such a statement affords no evidence whatever, either intrinsically or under any statute.     Like most innovations on long-established and well-considered modes of procedure, this new Docketing act has sacrificed certainty to expedition.     It would seem necessary now to support every docketed judgment by proof *dehors* the files and docket-entry in the Common Pleas. As it is the duty of the legal representatives of a deceased justice of the peace to file his dockets with the county clerk within one year after his death (*Gen. Stat., p.* 1889, § 122), the presumption is that those so filed are all his dockets.     In the present case a docket covering the period of the alleged judgment in controversy was on file, but it contained no such judgment.     On this state of the proof we must hold that the docketing in the Common Pleas was without legal support, and that all orders and proceedings based thereon must fall.

We are asked to refuse effect to this decision and to dismiss the *certiorari* because a bond in compliance with section 97 of the Justices' Court act (*Gen. Stat., p.* 1883) was not given on the allowance of the writ.     It is argued that the act of 1892, though not in form, is in fact a supplement to that statute. Such a bond is required as a condition of the allowance of a *certiorari* to remove any judgment, order or proceeding to be had by virtue of the Justices' Court act.     The provision to that effect could apply only to that command of the writ which relates to the docketing in the Common Pleas, for the order for discovery and subsequent proceedings rest on the Execution act (*Gen. Stat., p.* 1423, *pl.* 41); but even as to that the provision would not be applicable, for the infirmity alleged and now adjudged was such that it is evident that the docketing could not have been " by virtue of," but only *under color of the act*.     The case is analogous to the well-recognized practice of allowing a *certiorari* to review summary proceedings to dispossess a tenant, where a lack of jurisdiction is made manifest, although such a writ is expressly forbidden in proceedings had " by virtue of" the Landlord and Tenant act. *Morris Canal and Banking Co.* v. *Mitchell*, 2 *Vroom* 99.

Besides, as above stated, the command of the writ in that regard is mere surplusage.

The order for discovery and all subsequent orders and proceedings will be set aside, with costs.